## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| **SAINT LAWRENCE COMMUNICATIONS LLC,** | § § § | |
| **Plaintiff,** | § § | **Case No. 2:16-cv-00082** |
| **v.** | § § | **Jury Trial Requested** |
| **APPLE INC., AT&T MOBILITY LLC, and CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS** | § § § § | |
| **Defendants.** | § § § | |

## SAINT LAWRENCE COMMUNICATIONS LLC'S
## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Saint Lawrence Communications LLC ("St. Lawrence" or "Plaintiff") hereby submits this Complaint against Defendants Apple Inc., AT&T Mobility LLC, and Cellco Partnership d/b/a Verizon Wireless (collectively, "Defendants") and states as follows:

## THE PARTIES

1.      St. Lawrence is a Texas limited liability company, having a principal place of business at 2400 Dallas Parkway, Suite 200, Plano, Texas 75093.

2.      On information and belief, Defendant Apple Inc. ("Apple") is a corporation organized and existing under the laws of California, having a principal place of business at 1 Infinite Loop, Cupertino, California 95014.

3.      On information and belief, AT&T Mobility LLC ("AT&T") is a limited liability company organized and existing under the laws of Delaware, having a principal place of business at 1025 Lenox Park Blvd NE, Atlanta, Georgia 30319.

4.      On information and belief, Cellco Partnership d/b/a Verizon Wireless (with Verizon Communications Inc., "Verizon") is a general partnership organized and existing under the laws of Delaware, having a principal place of business at 1 Verizon Way, Basking Ridge, New Jersey 07920.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, 35 U.S.C. §§ 101 *et seq.*

6.      Venue is proper in this federal district pursuant to 28 U.S.C. §§1391(b)-(c) and 1400(b) in that each Defendant has done business in this District, has committed acts of

infringement in this District, and continues to commit acts of infringement in this District, entitling St. Lawrence to relief.

## SUMMARY

7.      VoiceAge Corporation ("VoiceAge") has been a pioneer in speech and audio compression technologies since its creation in 1999.  VoiceAge is widely recognized as the world's leader in developing cutting-edge technologies for wideband, low bit rate speech and audio compression.[1]  For example, VoiceAge provided the core technologies for at least nine international speech and audio standards-based codecs used in both wireless and wireline markets and applications.  VoiceAge's patented technologies have won every international audio compression standard to which they have been submitted during the last thirteen years, including to the 3rd Generation Partnership Project ("3GPP"), 3GPP2, the International Telecommunications Union ("ITU"), the European Telecommunications Standards Institute ("ETSI"), and the Motion Picture Experts Group ("MPEG") of the International Organization for Standardization ("ISO").

8.      Defendant AT&T is a member of the ITU and has been for over 50 years.

9.      Verizon Communication Corporation is a member of the ITU and has been for over 40 years.

10.      One of the international standards based on the patented technologies of VoiceAge is the Adaptive Multi-Rate-Wideband ("AMR-WB") standard for wideband speech. AMR-WB is a wideband speech coding standard which, among other features, provides significantly improved speech quality at a wider speech bandwidth when compared to narrowband speech coding. AMR-WB is codified as an international standard, including as G.722.2, which was promulgated as a standard speech codec by the ITU Telecommunication

---

[1] VoiceAge was also a leader in narrow-band codecs and innovation.

Standardization Sector ("ITU-T") as the "Wideband coding of speech at around 16 kbit/s using Adaptive Multi-Rate Wideband (AMR-WB)."  G.722.2 AMR-WB is the same codec as the 3GPP AMR-WB speech codec, also known as 3GPP TS 26.190.[2]

11.     Several speech codecs competed to serve as the foundation for AMR-WB before the standard was officially adopted.  VoiceAge's competitors included candidate codecs developed by such industry heavyweights as Ericsson, Motorola, Texas Instruments, and a consortium comprised of France Telecom, Deutsche Telecom, Nortel Networks, and Siemens.[3] The selection process was rigorous and extensive, involving numerous experiments covering all applications defined for AMR-WB.  During the testing, the VoiceAge codec was the only codec to have no failures in any test condition.  The VoiceAge codec was the superior codec with respect to speech quality, technical considerations, and test results, and was the codec chosen to be the official AMR-WB standard.  VoiceAge had several patent families, each of which issued prior to the adoption of the standard, and which are essential to the AMR-WB standard.[4] Through the processes regularly managed by the W-CDMA patent pool, each patent was also independently evaluated by the International Patent Evaluation Consortium (IPEC) and determined to be essential to the standard.  This evaluation by IPEC was conducted by an Evaluation Panel comprising a lead Evaluator and two Assistant Evaluators (all three are patent attorneys).  The IPEC output documentation consisted of a detailed report of the patent essentiality determination including claim charts and an IPEC certificate of essentiality.

12.     The AMR-WB standardized codec serves a variety of important, growing markets and applications including, but not limited to, high-definition voice services ("HD Voice") in

---

[2] There have been numerous versions or releases of 3GPP TS 26.190 to date, but each of these practices VoiceAge's patented technologies.

[3] VoiceAge worked with Nokia during the standard-selection process.

[4] VoiceAge also had patents essential to AMR-WB standard issued in numerous international jurisdictions.

wireless telephony, content for media audio, and mobile voice over internet protocol ("VoIP"). Indeed, in the mobile phone market, HD Voice is the commercial name for the AMR-WB codec. HD Voice is a ground-breaking development in mobile phone technology, as it overcomes the limitations of the 300-3400 Hz voice-band traditionally used in mobile telephony; AMR-WB extends audio bandwidth to about 50-7000 Hz, materially improving intelligibility over the narrow-band codec prevalent in mobile telephony.

13.     There are numerous benefits to the users of HD Voice.  These include, but are not limited to, the following:

- Sound quality is greatly improved;
- It is easier to recognize voices and comprehend accented speech;
- It is easier to distinguish confusing or similar sounds, such as between 's' and 'f';
- It is easier to hear faint voices and to understand speakers in environments in which multiple speakers are speaking at the same time;
- Listening is easier and more life-like, resulting in less "listener fatigue" and reducing miscommunications and misunderstandings;
- It is easier to understand speakers who use a speakerphone or who are in the presence of background noise; and
- It is easier to distinguish and differentiate between multiple voices on a single call.

14.     In part, due to benefits like these, deployment of HD Voice is accelerating rapidly, both in the United States and globally.  In the United States, Verizon and AT&T have launched and support HD Voice through the AMR-WB codec, with other carriers announcing plans to do so.  As of March of 2014, at least 329 different mobile phones support HD Voice. Apple actively manufactures, imports, markets and sells HD Voice phones, and several different Apple mobile phones are HD Voice phones and therefore support the AMR-WB codec; without the AMR-WB codec developed by VoiceAge, Apple would be unable to manufacture, import, market or sell a single HD Voice phone and Verizon and AT&T would be unable to provide the customers of their networks with the advantages of HD Voice.

15.     As HD Voice began to proliferate across the United States and internationally, VoiceAge partnered under an agreement with St. Lawrence to protect and license its patented inventions and intellectual property.

16.     In the Summer of 2014, a representative of St. Lawrence met with Jeff Risher of Apple and disclosed these patents.  As a result, at least as early as the summer of 2014, Apple was aware of the patents asserted here.

17.     Additionally, on information and belief, each Defendant is a 3rd Generation Partnership Project ("3GPP") member organization, or is affiliated with a 3GPP member organization.  3GPP solicits identification of standard essential patents, and through 3GPP, each Defendant received actual notice of the standard essential patents at issue here.

18.     On information and belief, AT&T, as a sophisticated use of the patent system and a sophisticated industry leader in standard-setting bodies, had actual knowledge of the patents at issue here.  AT&T has played a leadership role standard setting within the 3GPP.  In a presentation in January 2009, in which AT&T specifically identified the rollout of AMR-WB within the 3GPP, AT&T noted its own leadership in standard setting within both the 3GPP and other organizations.[5]

19.     On information and belief, carriers such as AT&T and Verizon are not mere resellers of Apple phones.  Instead, AT&T and Verizon subsidize and bundle Apple phones with cellular service plans.

20.     On information and belief, carriers such as AT&T and Verizon played a significant role in the deployment of AMR-WB in Apple phones and play a significant role in testing and activating accused products.

---

[5] https://www.atis.org/lte/documents/AT&Ts%20Vision%20of%20LTE.pdf.

21.     Defendants are not licensed to the patents asserted in this Complaint, yet each Defendant knowingly, actively, and lucratively practices and induces others to practice the patents.

### COUNT I: INFRINGEMENT OF U.S. PATENT NO. 6,795,805

22.     On September 21, 2004, the United States Patent and Trademark Office ("USPTO") duly and legally issued United States Patent No. 6,795,805 ("the '805 Patent"), entitled "Periodicity Enhancement in Decoding Wideband Signals."   St. Lawrence holds all rights, title, and interest in and to the '805 Patent.

23.     Defendants Apple, Verizon and AT&T have infringed directly and continue to infringe directly the '805 Patent.   The infringing acts include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of products practicing the AMR-WB Standard ("Apple HD Voice phones").   The infringing products include at least the Apple HD Voice phones offered for sale in the United States including, but not limited to: the Apple iPhone 6, the Apple iPhone 6 Plus, the Apple iPhone 6S, and the Apple iPhone 6S Plus sold by or otherwise distributed through Apple; the Apple iPhone 6, the Apple iPhone 6 Plus, the Apple iPhone 6S, and the Apple iPhone 6S Plus, compatible with the Verizon cellular network and sold by or otherwise distributed through Verizon; and the Apple iPhone 6, the Apple iPhone 6 Plus, the Apple iPhone 6S, and the Apple iPhone 6S Plus, compatible with the AT&T cellular network and sold by or otherwise distributed through AT&T.   These phones are among the larger range of Apple HD Voice phones, each of which practices the '805 patent.

24.     As alleged above, Apple had actual notice of the patents asserted here and of its infringement of these patents.   In addition to its direct infringement, Apple has been and is now indirectly infringing by way of inducing infringement and/or contributing to the infringement of

the claims of the '805 patent in the State of Texas, in this judicial district, and elsewhere within the United States by, among other things, making, using, licensing, selling, offering for sale, or importing infringing Apple HD Voice mobile phones, covered by one or more claims of the '805 patent, all to the injury of St. Lawrence.  In the case of such infringement, the users of the Apple HD Voice mobile phones are the direct infringers of the '805 patent.  Apple advertises and promotes the Apple HD Voice phones and the HD Voice feature on its website with the specific intent that its customers use those phones in an infringing manner.[6] Apple sells or offers to sell Apple HD Voice mobile phones for use in practicing St. Lawrence's patented processes, and those Apple HD Voice phones are material to practicing St. Lawrence's invention.  The HD Voice features have no substantial non-infringing uses, and are known by Apple to be especially made or especially adapted for use in an infringement of St. Lawrence's patents by complying with the AMR-WB standard. Apple's acts of infringement have been willful, deliberate, and in reckless disregard of St. Lawrence's patent rights.

25.     As alleged above, Verizon had actual notice of the patents asserted here and of its infringement of these patents.   In addition to its direct infringement, Verizon has been and is now indirectly infringing by way of inducing infringement and/or contributing to the infringement of the claims of the '805 patent in the State of Texas, in this judicial district, and elsewhere within the United States by, among other things, making, using, licensing, selling, offering for sale, or importing infringing Apple HD Voice mobile phones compatible with the Verizon cellular network, covered by one or more claims of the '805 patent, all to the injury of St. Lawrence.  In the case of such infringement, the users of the Apple HD Voice mobile phones on the Verizon network are the direct infringers of the '805 patent.  Verizon advertises and

---

[6] See, *e.g.*, https://support.apple.com/en-us/HT203078 (providing instructions for how to use HD Voice on Apple phones).

promotes the Apple HD Voice phones and the HD Voice feature on its website with the specific intent that its customers use those phones in an infringing manner.[7] Verizon sells or offers to sell Apple HD Voice mobile phones compatible with the Verizon cellular network for use in practicing St. Lawrence's patented processes, and those Apple HD Voice phones are material to practicing St. Lawrence's invention.  The HD Voice features have no substantial non-infringing uses, and are known by Verizon to be especially made or especially adapted for use in an infringement of St. Lawrence's patents by complying with the AMR-WB standard. Verizon's acts of infringement have been willful, deliberate, and in reckless disregard of St. Lawrence's patent rights.

26.    As alleged above, AT&T had actual notice of the patents asserted here and of its infringement of these patents.   In addition to its direct infringement, AT&T has been and is now indirectly infringing by way of inducing infringement and/or contributing to the infringement of the claims of the '805 patent in the State of Texas, in this judicial district, and elsewhere within the United States by, among other things, making, using, licensing, selling, offering for sale, or importing infringing Apple HD Voice mobile phones compatible with the AT&T cellular network, covered by one or more claims of the '805 patent, all to the injury of St. Lawrence.  In the case of such infringement, the users of the Apple HD Voice mobile phones on the AT&T network are the direct infringers of the '805 patent.  AT&T advertises and promotes the Apple HD Voice phones and the HD Voice feature on its website with the specific intent that its

---

[7] See, *e.g.*, http://www.verizonwireless.com/support/hd-voice-for-ios-faqs/ (describing the benefits of HD Voice on Apple devices and instructing its customers on its use).

customers use those phones in an infringing manner.[8] AT&T sells or offers to sell Apple HD Voice mobile phones compatible with the AT&T cellular network for use in practicing St. Lawrence's patented processes, and those Apple HD Voice phones are material to practicing St. Lawrence's invention.  The HD Voice features have no substantial non-infringing uses, and are known by AT&T to be especially made or especially adapted for use in an infringement of St. Lawrence's patents by complying with the AMR-WB standard. AT&T's acts of infringement have been willful, deliberate, and in reckless disregard of St. Lawrence's patent rights.

27.     On information and belief, Apple and AT&T test, make, use, offer for sale, sell, and/or import infringing devices described in this Count, pursuant to one or more contractual agreements between them relating to, at least, the distribution and sale of such devices. Accordingly, Apple and AT&T are jointly, severally, or alternatively liable for infringements described in this Count.

28.     On information and belief, Apple and Verizon test, make, use, offer for sale, sell, and/or import infringing devices described in this Count, pursuant to one or more contractual agreements between them relating to, at least, the distribution and sale of such devices. Accordingly, Apple and Verizon are jointly, severally, or alternatively liable for infringements described in this Count.

29.     The acts of infringement by Defendants have caused damage to St. Lawrence, and St. Lawrence is entitled to recover from Defendants the damages sustained by St. Lawrence as a result of Defendants' wrongful acts in an amount subject to proof at trial.  The infringement of

---

[8] See, *e.g.*, https://www.att.com/shop/wireless/features/hd-voice.html   (describing the benefits of HD Voice on Apple devices and instructing its customers on its use).

10

St. Lawrence's exclusive rights under the '805 Patent by the Defendants has damaged and will continue to damage St. Lawrence.

30.     Upon information and belief, each Defendant actually knew of, or was willfully blind to, the existence of the '805 Patent, yet Apple continue to infringe said patent. The infringement of the '805 Patent by each Defendant is willful and deliberate, and with full knowledge of the patent, entitling St. Lawrence to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT II: INFRINGEMENT OF U.S. PATENT NO. 6,807,524

31.     On October 19, 2004, the USPTO duly and legally issued United States Patent No. 6,807,524 ("the '524 Patent"), entitled "Perceptual Weighting Device and Method for Efficient Coding of Wideband Signals."  St. Lawrence holds all rights, title, and interest in and to the '524 Patent.

32.     Defendants Apple, Verizon and AT&T have infringed directly and continue to infringe directly the '524 Patent.  The infringing acts include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of products practicing the AMR-WB Standard ("Apple HD Voice phones").  The infringing products include at least the Apple HD Voice phones offered for sale in the United States including, but not limited to: the Apple iPhone 6, the Apple iPhone 6 Plus, the Apple iPhone 6S, and the Apple iPhone 6S Plus sold by or otherwise distributed through Apple; the Apple iPhone 6, the Apple iPhone 6 Plus, the Apple iPhone 6S, and the Apple iPhone 6S Plus, compatible with the Verizon cellular network and sold by or otherwise distributed through Verizon; and the Apple iPhone 6, the Apple iPhone 6 Plus, the Apple iPhone 6S, and the Apple iPhone 6S Plus, compatible with the AT&T cellular network

and sold by or otherwise distributed through AT&T.  These phones are among the larger range of Apple HD Voice phones, each of which practices the '524 patent.

33.     As alleged above, Apple had actual notice of the patents asserted here and of its infringement of these patents.   In addition to its direct infringement, Apple has been and is now indirectly infringing by way of inducing infringement and/or contributing to the infringement of the claims of the '524 patent in the State of Texas, in this judicial district, and elsewhere within the United States by, among other things, making, using, licensing, selling, offering for sale, or importing infringing Apple HD Voice mobile phones, covered by one or more claims of the '524 patent, all to the injury of St. Lawrence.  In the case of such infringement, the users of the Apple HD Voice mobile phones are the direct infringers of the '524 patent.  Apple advertises and promotes the Apple HD Voice phones and the HD Voice feature on its website with the specific intent that its customers use those phones in an infringing manner.[9] Apple sells or offers to sell Apple HD Voice mobile phones for use in practicing St. Lawrence's patented processes, and those Apple HD Voice phones are material to practicing St. Lawrence's invention.  The HD Voice features have no substantial non-infringing uses, and are known by Apple to be especially made or especially adapted for use in an infringement of St. Lawrence's patents by complying with the AMR-WB standard. Apple's acts of infringement have been willful, deliberate, and in reckless disregard of St. Lawrence's patent rights.

34.     As alleged above, Verizon had actual notice of the patents asserted here and of its infringement of these patents.   In addition to its direct infringement, Verizon has been and is now indirectly infringing by way of inducing infringement and/or contributing to the infringement of the claims of the '524 patent in the State of Texas, in this judicial district, and

---

[9] See, *e.g.*, https://support.apple.com/en-us/HT203078 (providing instructions for how to use HD Voice on Apple phones).

elsewhere within the United States by, among other things, making, using, licensing, selling, offering for sale, or importing infringing Apple HD Voice mobile phones compatible with the Verizon cellular network, covered by one or more claims of the '524 patent, all to the injury of St. Lawrence.  In the case of such infringement, the users of the Apple HD Voice mobile phones on the Verizon network are the direct infringers of the '524 patent.  Verizon advertises and promotes the Apple HD Voice phones and the HD Voice feature on its website with the specific intent that its customers use those phones in an infringing manner.[10]  Verizon sells or offers to sell Apple HD Voice mobile phones compatible with the Verizon cellular network for use in practicing St. Lawrence's patented processes, and those Apple HD Voice phones are material to practicing St. Lawrence's invention.  The HD Voice features have no substantial non-infringing uses, and are known by Verizon to be especially made or especially adapted for use in an infringement of St. Lawrence's patents by complying with the AMR-WB standard. Verizon's acts of infringement have been willful, deliberate, and in reckless disregard of St. Lawrence's patent rights.

35.     As alleged above, AT&T had actual notice of the patents asserted here and of its infringement of these patents.   In addition to its direct infringement, AT&T has been and is now indirectly infringing by way of inducing infringement and/or contributing to the infringement of the claims of the '524 patent in the State of Texas, in this judicial district, and elsewhere within the United States by, among other things, making, using, licensing, selling, offering for sale, or importing infringing Apple HD Voice mobile phones compatible with the AT&T cellular

---

[10] See, *e.g.*, http://www.verizonwireless.com/support/hd-voice-for-ios-faqs/ (describing the benefits of HD Voice on Apple devices and instructing its customers on its use).

network, covered by one or more claims of the '524 patent, all to the injury of St. Lawrence.  In the case of such infringement, the users of the Apple HD Voice mobile phones on the AT&T network are the direct infringers of the '524 patent.  AT&T advertises and promotes the Apple HD Voice phones and the HD Voice feature on its website with the specific intent that its customers use those phones in an infringing manner.[11]  AT&T sells or offers to sell Apple HD Voice mobile phones compatible with the AT&T cellular network for use in practicing St. Lawrence's patented processes, and those Apple HD Voice phones are material to practicing St. Lawrence's invention.  The HD Voice features have no substantial non-infringing uses, and are known by AT&T to be especially made or especially adapted for use in an infringement of St. Lawrence's patents by complying with the AMR-WB standard. AT&T's acts of infringement have been willful, deliberate, and in reckless disregard of St. Lawrence's patent rights.

36.     On information and belief, Apple and AT&T test, make, use, offer for sale, sell, and/or import infringing devices described in this Count, pursuant to one or more contractual agreements between them relating to, at least, the distribution and sale of such devices. Accordingly, Apple and AT&T are jointly, severally, or alternatively liable for infringements described in this Count.

37.     On information and belief, Apple and Verizon test, make, use, offer for sale, sell, and/or import infringing devices described in this Count, pursuant to one or more contractual agreements between them relating to, at least, the distribution and sale of such devices.

---

[11]  See, *e.g.*, https://www.att.com/shop/wireless/features/hd-voice.html   (describing the benefits of HD Voice on Apple devices and instructing its customers on its use).

Accordingly, Apple and Verizon are jointly, severally, or alternatively liable for infringements described in this Count.

38.  The acts of infringement by Defendants have caused damage to St. Lawrence, and St. Lawrence is entitled to recover from Defendants the damages sustained by St. Lawrence as a result of Defendants' wrongful acts in an amount subject to proof at trial.  The infringement of St. Lawrence's exclusive rights under the '524 Patent by the Defendants has damaged and will continue to damage St. Lawrence.

39.  Upon information and belief, each Defendant actually knew of, or was willfully blind to, the existence of the '524 Patent, yet Apple continue to infringe said patent. The infringement of the '524 Patent by each Defendant is willful and deliberate, and with full knowledge of the patent, entitling St. Lawrence to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT III: INFRINGEMENT OF U.S. PATENT NO. 7,151,802

40.  On December 19, 2006, the USPTO duly and legally issued United States Patent No. 7,151,802 ("the '802 Patent"), entitled "High Frequency Content Recovering Method and Device for Over-Sampled Synthesized Wideband Signal."  St. Lawrence holds all rights, title, and interest in and to the '802 Patent.

41.  Defendants Apple, Verizon and AT&T have infringed directly and continue to infringe directly the '802 Patent.  The infringing acts include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of products practicing the AMR-WB Standard ("Apple HD Voice phones").  The infringing products include at least the Apple HD Voice phones offered for sale in the United States including, but not limited to: the Apple iPhone 6, the Apple iPhone 6 Plus, the Apple iPhone 6S, and the Apple iPhone 6S Plus sold by or

otherwise distributed through Apple; the Apple iPhone 6, the Apple iPhone 6 Plus, the Apple iPhone 6S, and the Apple iPhone 6S Plus, compatible with the Verizon cellular network and sold by or otherwise distributed through Verizon; and the Apple iPhone 6, the Apple iPhone 6 Plus, the Apple iPhone 6S, and the Apple iPhone 6S Plus, compatible with the AT&T cellular network and sold by or otherwise distributed through AT&T.  These phones are among the larger range of Apple HD Voice phones, each of which practices the '802 patent.

42.     As alleged above, Apple had actual notice of the patents asserted here and of its infringement of these patents.   In addition to its direct infringement, Apple has been and is now indirectly infringing by way of inducing infringement and/or contributing to the infringement of the claims of the '802 patent in the State of Texas, in this judicial district, and elsewhere within the United States by, among other things, making, using, licensing, selling, offering for sale, or importing infringing Apple HD Voice mobile phones, covered by one or more claims of the '802 patent, all to the injury of St. Lawrence.  In the case of such infringement, the users of the Apple HD Voice mobile phones are the direct infringers of the '802 patent.  Apple advertises and promotes the Apple HD Voice phones and the HD Voice feature on its website with the specific intent that its customers use those phones in an infringing manner.[12] Apple sells or offers to sell Apple HD Voice mobile phones for use in practicing St. Lawrence's patented processes, and those Apple HD Voice phones are material to practicing St. Lawrence's invention.  The HD Voice features have no substantial non-infringing uses, and are known by Apple to be especially made or especially adapted for use in an infringement of St. Lawrence's patents by complying with the AMR-WB standard. Apple's acts of infringement have been willful, deliberate, and in reckless disregard of St. Lawrence's patent rights.

---

[12] See, *e.g.*, https://support.apple.com/en-us/HT203078 (providing instructions for how to use HD Voice on Apple phones).

43.     As alleged above, Verizon had actual notice of the patents asserted here and of its infringement of these patents.   In addition to its direct infringement, Verizon has been and is now indirectly infringing by way of inducing infringement and/or contributing to the infringement of the claims of the '802 patent in the State of Texas, in this judicial district, and elsewhere within the United States by, among other things, making, using, licensing, selling, offering for sale, or importing infringing Apple HD Voice mobile phones compatible with the Verizon cellular network, covered by one or more claims of the '802 patent, all to the injury of St. Lawrence.  In the case of such infringement, the users of the Apple HD Voice mobile phones on the Verizon network are the direct infringers of the '802 patent.  Verizon advertises and promotes the Apple HD Voice phones and the HD Voice feature on its website with the specific intent that its customers use those phones in an infringing manner.[13]  Verizon sells or offers to sell Apple HD Voice mobile phones compatible with the Verizon cellular network for use in practicing St. Lawrence's patented processes, and those Apple HD Voice phones are material to practicing St. Lawrence's invention.  The HD Voice features have no substantial non-infringing uses, and are known by Verizon to be especially made or especially adapted for use in an infringement of St. Lawrence's patents by complying with the AMR-WB standard. Verizon's acts of infringement have been willful, deliberate, and in reckless disregard of St. Lawrence's patent rights.

44.     As alleged above, AT&T had actual notice of the patents asserted here and of its infringement of these patents.   In addition to its direct infringement, AT&T has been and is now

---

[13] See, *e.g.*, http://www.verizonwireless.com/support/hd-voice-for-ios-faqs/ (describing the benefits of HD Voice on Apple devices and instructing its customers on its use).

indirectly infringing by way of inducing infringement and/or contributing to the infringement of the claims of the '802 patent in the State of Texas, in this judicial district, and elsewhere within the United States by, among other things, making, using, licensing, selling, offering for sale, or importing infringing Apple HD Voice mobile phones compatible with the AT&T cellular network, covered by one or more claims of the '802 patent, all to the injury of St. Lawrence.  In the case of such infringement, the users of the Apple HD Voice mobile phones on the AT&T network are the direct infringers of the '802 patent.  AT&T advertises and promotes the Apple HD Voice phones and the HD Voice feature on its website with the specific intent that its customers use those phones in an infringing manner.[14] AT&T sells or offers to sell Apple HD Voice mobile phones compatible with the AT&T cellular network for use in practicing St. Lawrence's patented processes, and those Apple HD Voice phones are material to practicing St. Lawrence's invention.  The HD Voice features have no substantial non-infringing uses, and are known by AT&T to be especially made or especially adapted for use in an infringement of St. Lawrence's patents by complying with the AMR-WB standard. AT&T's acts of infringement have been willful, deliberate, and in reckless disregard of St. Lawrence's patent rights.

45.    On information and belief, Apple and AT&T test, make, use, offer for sale, sell, and/or import infringing devices described in this Count, pursuant to one or more contractual agreements between them relating to, at least, the distribution and sale of such devices. Accordingly, Apple and AT&T are jointly, severally, or alternatively liable for infringements described in this Count.

---

[14] See, *e.g.*, https://www.att.com/shop/wireless/features/hd-voice.html   (describing the benefits of HD Voice on Apple devices and instructing its customers on its use).

46.     On information and belief, Apple and Verizon test, make, use, offer for sale, sell, and/or import infringing devices described in this Count, pursuant to one or more contractual agreements between them relating to, at least, the distribution and sale of such devices. Accordingly, Apple and Verizon are jointly, severally, or alternatively liable for infringements described in this Count.

47.     The acts of infringement by Defendants have caused damage to St. Lawrence, and St. Lawrence is entitled to recover from Defendants the damages sustained by St. Lawrence as a result of Defendants' wrongful acts in an amount subject to proof at trial.  The infringement of St. Lawrence's exclusive rights under the '802 Patent by the Defendants has damaged and will continue to damage St. Lawrence.

48.     Upon information and belief, each Defendant actually knew of, or was willfully blind to, the existence of the '802 Patent, yet Apple continue to infringe said patent. The infringement of the '802 Patent by each Defendant is willful and deliberate, and with full knowledge of the patent, entitling St. Lawrence to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**COUNT IV: INFRINGEMENT OF U.S. PATENT NO. 7,260,521**

49.     On August 21, 2007, the USPTO duly and legally issued United States Patent No. 7,260,521 ("the '521 Patent"), entitled "Method and Device for Adaptive Bandwidth Pitch Search in Coding Wideband Signals."  St. Lawrence holds all rights, title, and interest in and to the '521 Patent.

50.     Defendants Apple, Verizon and AT&T have infringed directly and continue to infringe directly the '521 Patent.  The infringing acts include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of products practicing the AMR-WB

Standard ("Apple HD Voice phones").  The infringing products include at least the Apple HD Voice phones offered for sale in the United States including, but not limited to: the Apple iPhone 6, the Apple iPhone 6 Plus, the Apple iPhone 6S, and the Apple iPhone 6S Plus sold by or otherwise distributed through Apple; the Apple iPhone 6, the Apple iPhone 6 Plus, the Apple iPhone 6S, and the Apple iPhone 6S Plus, compatible with the Verizon cellular network and sold by or otherwise distributed through Verizon; and the Apple iPhone 6, the Apple iPhone 6 Plus, the Apple iPhone 6S, and the Apple iPhone 6S Plus, compatible with the AT&T cellular network and sold by or otherwise distributed through AT&T.  These phones are among the larger range of Apple HD Voice phones, each of which practices the '521 patent.

51.     As alleged above, Apple had actual notice of the patents asserted here and of its infringement of these patents.   In addition to its direct infringement, Apple has been and is now indirectly infringing by way of inducing infringement and/or contributing to the infringement of the claims of the '521 patent in the State of Texas, in this judicial district, and elsewhere within the United States by, among other things, making, using, licensing, selling, offering for sale, or importing infringing Apple HD Voice mobile phones, covered by one or more claims of the '521 patent, all to the injury of St. Lawrence.  In the case of such infringement, the users of the Apple HD Voice mobile phones are the direct infringers of the '521 patent.   Apple advertises and promotes the Apple HD Voice phones and the HD Voice feature on its website with the specific intent that its customers use those phones in an infringing manner.[15] Apple sells or offers to sell Apple HD Voice mobile phones for use in practicing St. Lawrence's patented processes, and those Apple HD Voice phones are material to practicing St. Lawrence's invention.  The HD Voice features have no substantial non-infringing uses, and are known by Apple to be especially

---

[15] See, *e.g.*, https://support.apple.com/en-us/HT203078 (providing instructions for how to use HD Voice on Apple phones).

made or especially adapted for use in an infringement of St. Lawrence's patents by complying with the AMR-WB standard. Apple's acts of infringement have been willful, deliberate, and in reckless disregard of St. Lawrence's patent rights.

52.     As alleged above, Verizon had actual notice of the patents asserted here and of its infringement of these patents.    In addition to its direct infringement, Verizon has been and is now indirectly infringing by way of inducing infringement and/or contributing to the infringement of the claims of the '521 patent in the State of Texas, in this judicial district, and elsewhere within the United States by, among other things, making, using, licensing, selling, offering for sale, or importing infringing Apple HD Voice mobile phones compatible with the Verizon cellular network, covered by one or more claims of the '521 patent, all to the injury of St. Lawrence.  In the case of such infringement, the users of the Apple HD Voice mobile phones on the Verizon network are the direct infringers of the '521 patent.  Verizon advertises and promotes the Apple HD Voice phones and the HD Voice feature on its website with the specific intent that its customers use those phones in an infringing manner.[16] Verizon sells or offers to sell Apple HD Voice mobile phones compatible with the Verizon cellular network for use in practicing St. Lawrence's patented processes, and those Apple HD Voice phones are material to practicing St. Lawrence's invention.  The HD Voice features have no substantial non-infringing uses, and are known by Verizon to be especially made or especially adapted for use in an infringement of St. Lawrence's patents by complying with the AMR-WB standard. Verizon's

---

[16] See, *e.g.*, http://www.verizonwireless.com/support/hd-voice-for-ios-faqs/ (describing the benefits of HD Voice on Apple devices and instructing its customers on its use).

acts of infringement have been willful, deliberate, and in reckless disregard of St. Lawrence's patent rights.

53.    As alleged above, AT&T had actual notice of the patents asserted here and of its infringement of these patents.   In addition to its direct infringement, AT&T has been and is now indirectly infringing by way of inducing infringement and/or contributing to the infringement of the claims of the '521 patent in the State of Texas, in this judicial district, and elsewhere within the United States by, among other things, making, using, licensing, selling, offering for sale, or importing infringing Apple HD Voice mobile phones compatible with the AT&T cellular network, covered by one or more claims of the '521 patent, all to the injury of St. Lawrence.  In the case of such infringement, the users of the Apple HD Voice mobile phones on the AT&T network are the direct infringers of the '521 patent.  AT&T advertises and promotes the Apple HD Voice phones and the HD Voice feature on its website with the specific intent that its customers use those phones in an infringing manner.[17] AT&T sells or offers to sell Apple HD Voice mobile phones compatible with the AT&T cellular network for use in practicing St. Lawrence's patented processes, and those Apple HD Voice phones are material to practicing St. Lawrence's invention.  The HD Voice features have no substantial non-infringing uses, and are known by AT&T to be especially made or especially adapted for use in an infringement of St. Lawrence's patents by complying with the AMR-WB standard. AT&T's acts of infringement have been willful, deliberate, and in reckless disregard of St. Lawrence's patent rights.

_____

[17]  See, *e.g.*, https://www.att.com/shop/wireless/features/hd-voice.html   (describing the benefits of HD Voice on Apple devices and instructing its customers on its use).

54.     On information and belief, Apple and AT&T test, make, use, offer for sale, sell, and/or import infringing devices described in this Count, pursuant to one or more contractual agreements between them relating to, at least, the distribution and sale of such devices. Accordingly, Apple and AT&T are jointly, severally, or alternatively liable for infringements described in this Count.

55.     On information and belief, Apple and Verizon test, make, use, offer for sale, sell, and/or import infringing devices described in this Count, pursuant to one or more contractual agreements between them relating to, at least, the distribution and sale of such devices. Accordingly, Apple and Verizon are jointly, severally, or alternatively liable for infringements described in this Count.

56.     The acts of infringement by Defendants have caused damage to St. Lawrence, and St. Lawrence is entitled to recover from Defendants the damages sustained by St. Lawrence as a result of Defendants' wrongful acts in an amount subject to proof at trial. The infringement of St. Lawrence's exclusive rights under the '521 Patent by the Defendants has damaged and will continue to damage St. Lawrence.

57.     Upon information and belief, each Defendant actually knew of, or was willfully blind to, the existence of the '521 Patent, yet Apple continue to infringe said patent. The infringement of the '521 Patent by each Defendant is willful and deliberate, and with full knowledge of the patent, entitling St. Lawrence to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT V: INFRINGEMENT OF U.S. PATENT NO. 7,191,123

58.     On March 13, 2007, the USPTO duly and legally issued United States Patent No. 7,191,123 ("the '123 Patent"), entitled "Gain-Smoothing in Wideband Speech and Audio Signal Decoder."  St. Lawrence holds all rights, title, and interest in and to the '123 Patent.

59.     Defendants Apple, Verizon and AT&T have infringed directly and continue to infringe directly the '123 Patent.  The infringing acts include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of products practicing the AMR-WB Standard ("Apple HD Voice phones").  The infringing products include at least the Apple HD Voice phones offered for sale in the United States including, but not limited to: the Apple iPhone 6, the Apple iPhone 6 Plus, the Apple iPhone 6S, and the Apple iPhone 6S Plus sold by or otherwise distributed through Apple; the Apple iPhone 6, the Apple iPhone 6 Plus, the Apple iPhone 6S, and the Apple iPhone 6S Plus, compatible with the Verizon cellular network and sold by or otherwise distributed through Verizon; and the Apple iPhone 6, the Apple iPhone 6 Plus, the Apple iPhone 6S, and the Apple iPhone 6S Plus, compatible with the AT&T cellular network and sold by or otherwise distributed through AT&T.  These phones are among the larger range of Apple HD Voice phones, each of which practices the '123 patent.

60.     As alleged above, Apple had actual notice of the patents asserted here and of its infringement of these patents.   In addition to its direct infringement, Apple has been and is now indirectly infringing by way of inducing infringement and/or contributing to the infringement of the claims of the '123 patent in the State of Texas, in this judicial district, and elsewhere within the United States by, among other things, making, using, licensing, selling, offering for sale, or importing infringing Apple HD Voice mobile phones, covered by one or more claims of the '123 patent, all to the injury of St. Lawrence.  In the case of such infringement, the users of the Apple

HD Voice mobile phones are the direct infringers of the '123 patent.  Apple advertises and promotes the Apple HD Voice phones and the HD Voice feature on its website with the specific intent that its customers use those phones in an infringing manner.[18] Apple sells or offers to sell Apple HD Voice mobile phones for use in practicing St. Lawrence's patented processes, and those Apple HD Voice phones are material to practicing St. Lawrence's invention.  The HD Voice features have no substantial non-infringing uses, and are known by Apple to be especially made or especially adapted for use in an infringement of St. Lawrence's patents by complying with the AMR-WB standard. Apple's acts of infringement have been willful, deliberate, and in reckless disregard of St. Lawrence's patent rights.

61.     As alleged above, Verizon had actual notice of the patents asserted here and of its infringement of these patents.   In addition to its direct infringement, Verizon has been and is now indirectly infringing by way of inducing infringement and/or contributing to the infringement of the claims of the '123 patent in the State of Texas, in this judicial district, and elsewhere within the United States by, among other things, making, using, licensing, selling, offering for sale, or importing infringing Apple HD Voice mobile phones compatible with the Verizon cellular network, covered by one or more claims of the '123 patent, all to the injury of St. Lawrence.  In the case of such infringement, the users of the Apple HD Voice mobile phones on the Verizon network are the direct infringers of the '123 patent.  Verizon advertises and promotes the Apple HD Voice phones and the HD Voice feature on its website with the specific intent that its customers use those phones in an infringing manner.[19] Verizon sells or offers to

---

[18] See, *e.g.*, https://support.apple.com/en-us/HT203078 (providing instructions for how to use HD Voice on Apple phones).

[19] See, *e.g.*, http://www.verizonwireless.com/support/hd-voice-for-ios-faqs/ (describing the benefits of HD Voice on Apple devices and instructing its customers on its use).

sell Apple HD Voice mobile phones compatible with the Verizon cellular network for use in practicing St. Lawrence's patented processes, and those Apple HD Voice phones are material to practicing St. Lawrence's invention.  The HD Voice features have no substantial non-infringing uses, and are known by Verizon to be especially made or especially adapted for use in an infringement of St. Lawrence's patents by complying with the AMR-WB standard. Verizon's acts of infringement have been willful, deliberate, and in reckless disregard of St. Lawrence's patent rights.

62.     As alleged above, AT&T had actual notice of the patents asserted here and of its infringement of these patents.   In addition to its direct infringement, AT&T has been and is now indirectly infringing by way of inducing infringement and/or contributing to the infringement of the claims of the '123 patent in the State of Texas, in this judicial district, and elsewhere within the United States by, among other things, making, using, licensing, selling, offering for sale, or importing infringing Apple HD Voice mobile phones compatible with the AT&T cellular network, covered by one or more claims of the '123 patent, all to the injury of St. Lawrence.  In the case of such infringement, the users of the Apple HD Voice mobile phones on the AT&T network are the direct infringers of the '123 patent.  AT&T advertises and promotes the Apple HD Voice phones and the HD Voice feature on its website with the specific intent that its customers use those phones in an infringing manner.[20] AT&T sells or offers to sell Apple HD

---

[20] See, *e.g.*, https://www.att.com/shop/wireless/features/hd-voice.html   (describing the benefits of HD Voice on Apple devices and instructing its customers on its use).

Voice mobile phones compatible with the AT&T cellular network for use in practicing St. Lawrence's patented processes, and those Apple HD Voice phones are material to practicing St. Lawrence's invention.  The HD Voice features have no substantial non-infringing uses, and are known by AT&T to be especially made or especially adapted for use in an infringement of St. Lawrence's patents by complying with the AMR-WB standard. AT&T's acts of infringement have been willful, deliberate, and in reckless disregard of St. Lawrence's patent rights.

63.     On information and belief, Apple and AT&T test, make, use, offer for sale, sell, and/or import infringing devices described in this Count, pursuant to one or more contractual agreements between them relating to, at least, the distribution and sale of such devices. Accordingly, Apple and AT&T are jointly, severally, or alternatively liable for infringements described in this Count.

64.     On information and belief, Apple and Verizon test, make, use, offer for sale, sell, and/or import infringing devices described in this Count, pursuant to one or more contractual agreements between them relating to, at least, the distribution and sale of such devices. Accordingly, Apple and Verizon are jointly, severally, or alternatively liable for infringements described in this Count.

65.     The acts of infringement by Defendants have caused damage to St. Lawrence, and St. Lawrence is entitled to recover from Defendants the damages sustained by St. Lawrence as a result of Defendants' wrongful acts in an amount subject to proof at trial.  The infringement of St. Lawrence's exclusive rights under the '123 Patent by the Defendants has damaged and will continue to damage St. Lawrence.

66.     Upon information and belief, each Defendant actually knew of, or was willfully blind to, the existence of the '123 Patent, yet Apple continue to infringe said patent. The

infringement of the '123 Patent by each Defendant is willful and deliberate, and with full knowledge of the patent, entitling St. Lawrence to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## JURY DEMAND

67.     St. Lawrence hereby demands a trial by jury on all issues.

## PRAYER FOR RELIEF

WHEREFORE, St. Lawrence requests entry of judgment in its favor and against Defendant as follows:

a.  A declaration that Defendant has infringed and are infringing the '805, '524, '802,'521, and '123 Patents;

b.  An award of damages to St. Lawrence arising out of Defendant's infringement of the '805, '524, '802,'521, and '123 Patents, including enhanced damages pursuant to 35 U.S.C. § 284, together with prejudgment and post-judgment interest, in an amount according to proof;

c.  An award of attorneys' fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by law;

d.  An award to St. Lawrence of its costs; and

e.  such other and further relief, whether legal, equitable, or otherwise, to which St. Lawrence may be entitled or which this Court may order.

Dated:  January 27, 2016

Respectfully submitted,

/s/  *Demetrios Anaipakos*

Demetrios Anaipakos
Texas Bar No. 00793258
danaipakos@azalaw.com
Amir Alavi
Texas Bar No. 00793239
aalavi@azalaw.com
Brian E. Simmons
Texas Bar No. 24004922
bsimmons@azalaw.com
Michael McBride
Texas Bar No. 24065700
mmcbride@azalaw.com
Masood Anjom
Texas Bar No. 24055107
manjom@azalaw.com
Ahmad, Zavitsanos, Anaipakos, Alavi &
Mensing, P.C.
1221 McKinney Street, Suite 2500
Houston, TX 77010
Telephone: 713-655-1101
Facsimile: 713-655-0062

**ATTORNEYS FOR PLAINTIFF SAINT
LAWRENCE COMMUNICATIONS
LLC**