# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| SAINT LAWRENCE COMMUNICATIONS LLC, § § § Plaintiff, § § v. § § APPLE INC., AT&T MOBILITY LLC, and CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS, § § § § Defendants. § § | Case No. 2:16-cv-00082-JRG<br><br>Jury Trial Demanded |

## AMENDED DOCKET CONTROL ORDER

It is hereby ORDERED that the following schedule of deadlines is in effect until further order of this Court:

| Current Deadline(s) | New Proposed Deadline(s) | Event |
|---|---|---|
| February 12, 2018 | | *Jury Selection – 9:00 a.m. in **Marshall, Texas**<br>Before Judge Rodney Gilstrap |
| January 16, 2018 | | *Pretrial Conference – 9:00 a.m. in **Marshall, Texas**<br>before Judge Rodney Gilstrap |
| January 10, 2018 | | *Notify Court of Agreements Reached During Meet and Confer<br><br>The parties are ordered to meet and confer on any outstanding objections or motions *in limine*. The parties shall advise the Court of any agreements reached no later than 1:00 p.m. three (3) business days before the pretrial conference. |
| January 8, 2018 | | *File Joint Pretrial Order, Joint Proposed Jury Instructions, Joint Proposed Verdict Form, and Responses to Motions *in Limine* |

| | | |
|---|---|---|
| January 3, 2018 | | *File Notice of Request for Daily Transcript or Real Time Reporting.<br><br>If a daily transcript or real time reporting of court proceedings is requested for trial, the party or parties making said request shall file a notice with the Court and e-mail the Court Reporter, Shelly Holmes, at shelly_holmes@txed.uscourts.gov. |
| December 15, 2017 | | File Motions *in Limine*<br><br>The parties shall limit their motions *in limine* to issues that if improperly introduced at trial would be so prejudicial that the Court could not alleviate the prejudice by giving appropriate instructions to the jury. |
| December 15, 2017 | | Serve Objections to Rebuttal Pretrial Disclosures |
| December 8, 2017 | | Serve Objections to Pretrial Disclosures; and Serve Rebuttal Pretrial Disclosures |
| November 17, 2017 | | Serve Pretrial Disclosures (Witness List, Deposition Designations, and Exhibit List) by the Party with the Burden of Proof |
| November 10, 2017 | | *File Dispositive Motions or Motions to Strike Expert Testimony (including *Daubert* Motions)<br><br>No dispositive motion or motion to strike expert testimony (including a *Daubert* motion) may be filed after this date without leave of the Court. |
| November 3, 2017 | | Deadline to Complete Expert Discovery |
| October 20, 2017 | | Serve Disclosures for Rebuttal Expert Witnesses |
| September 1, 2017 | September 11, 2017 | Serve Disclosures for Expert Witnesses by the Party with the Burden of Proof |

| August 1, 2017 | August 23, 2017 | Deadline to Complete Fact Discovery and File Motions to Compel for the Following: <br><br> 1. Depositions of Rafael Barretto, Taraneh Maghame, Matt Millward, Heather Mewes, Eric Allamanche, and Laurent Amar; <br> 2. Secure third party document authentication and business record declarations from Motorola and AT&T; and <br> 3. Secure stipulation regarding the use of prior testimony from James Ashley. <br><br> With the exception of (i) the review of source code not produced in time to be reviewed before the close of fact discovery, and (ii) St. Lawrence's effort to secure third party document authentication and business record declaration(s) from Verizon (both of which remain outstanding), all other Fact Discovery and File Motions to Compel Discovery of Proof to be completed by August 1, 2017. |
|---|---|---|

(*) indicates a deadline that cannot be changed without showing good cause. Good cause is not shown merely by indicating that the parties agree that the deadline should be changed.

## ADDITIONAL REQUIREMENTS

**Notice of Mediator**: The parties are to jointly file a notice that identifies the agreed upon mediator or indicates that no agreement was reached. If the parties do not reach an agreement, the Court will appoint a mediator. The parties should not file a list of mediators to be considered by the Court.

**Summary Judgment Motions:** Prior to filing any summary judgment motion, the parties must submit letter briefs seeking permission to file the motion. The opening letter brief in each of those matters shall be no longer than five (5) pages and shall be filed with the Court no later than the deadline for filing letter briefs. Answering letter briefs in each of those matters shall be no longer than five (5) pages and filed with the Court no later than fourteen (14) days thereafter. Reply briefs in each of those matters shall be no longer than three (3) pages and filed with the Court no later than five (5) days thereafter. The Court may decide the question on the submissions or hold a hearing or telephone conference to hear arguments and to determine whether the filing of any motion will be permitted. Letter briefs shall be filed without exhibits. Any requests to submit letter briefs after the deadlines outlined above must show good cause.

**Indefiniteness**: In lieu of early motions for summary judgment, the parties are directed to include any arguments related to the issue of indefiniteness in their *Markman* briefing, subject to the local rules' normal page limits.

**Motions for Continuance**: The following excuses will not warrant a continuance nor justify a failure to comply with the discovery deadline:

(a)     The fact that there are motions for summary judgment or motions to dismiss pending;

(b) The fact that one or more of the attorneys is set for trial in another court on the same day, unless the other setting was made prior to the date of this order or was made as a special provision for the parties in the other case;

(c) The failure to complete discovery prior to trial, unless the parties can demonstrate that it was impossible to complete discovery despite their good faith effort to do so.

**Amendments to the Docket Control Order ("DCO")**: Any motion to alter any date on the DCO shall take the form of a motion to amend the DCO. The motion to amend the DCO shall include a proposed order that lists all of the remaining dates in one column (as above) and the proposed changes to each date in an additional adjacent column (if there is no change for a date the proposed date column should remain blank or indicate that it is unchanged). In other words, the DCO in the proposed order should be complete such that one can clearly see all the remaining deadlines and the changes, if any, to those deadlines, rather than needing to also refer to an earlier version of the DCO.

**Proposed DCO**: The Parties' Proposed DCO should also follow the format described above under "Amendments to the Docket Control Order ('DCO')."

**So ORDERED and SIGNED this 19th day of October, 2017.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE