# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| SAINT LAWRENCE COMMUNICATIONS LLC, <br><br> Plaintiff, <br><br> v. <br><br> APPLE INC., <br><br> Defendant. | CIVIL ACTION NO. 2:16-CV-00082-JRG |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Apple, Inc.'s ("Apple") Motion to Preclude Plaintiff from Advancing Infringement Theories Not Disclosed in its P.R. 3-1 Contentions and Strike Plaintiff's First Supplemental Response to Apple's Second Set of Individual Interrogatories (Dkt. No. 197) ("the Motion"). Having considered the Motion and for the reasons set for below, the Court finds that the Motion should be and hereby is **DENIED**.

## I. Background

This case was filed by Plaintiff Saint Lawrence Communications LLC ("SLC") against Apple on January 27, 2016. (Dkt. No. 1.) It involves five patents, which are all related to the AMR-Wideband standard. (*Id.*)

After this case was filed, Apple began developing a design-around to avoid any potential infringement of the Asserted Patents. (Dkt. No. 197 at 4.) This design-around was developed against the backdrop of SLC's infringement contentions, which were served on July 18, 2016. (Dkt. No. 50.) By June of 2017, Apple had installed the re-designed codecs, called Codec A and

B, on nearly 4,000,000 devices. (Dkt. No. 197 at 4.) At that point, on June 9, 2017, Apple served an interrogatory on SLC "asking whether SLC contended that Apple's modifications infringe the Asserted Patents, and if so, to provide infringement contentions as to Codecs A and B [i.e. the modified codecs] consistent with the requirements of the Patent Local Rules." (*Id.* at 5.)

On August 11, 2017, SLC responded by indicating that it did not believe the re-designed codecs, Codec A and B, were non-infringing alternatives. (Dkt. No. 197-6 at 7-8 ("Apple recently identified Codec A and Codec B as alleged non-infringing substitutes . . . [SLC] responds that, based upon the review of the [source code for] Codec A and Codec B, both codecs infringe the asserted claims . . . .").)

SLC's interrogatory response did not seek to advance any affirmative infringement theory against Codec A and B. Indeed, SLC has repeatedly told the Court that it does not intend to advance affirmative infringement theories against these re-designed codecs. (*See, e.g.,* Dkt. No. 200 ("[N]either Codec A nor Codec B is part of SLC's affirmative claims of infringement.").) Instead, SLC seeks to attack Apple's reliance on Codec A and B as potential non-infringing alternatives. (*Id.*)

Apple filed the instant Motion on September 7, 2017. (Dkt. No. 197.) On September 15, Apple filed an Unopposed Motion to Expedite Briefing on its Motion to Strike, (Dkt. No. 198), which was granted. (Dkt. No. 199.)

## II. <u>Legal Standard</u>

"Local Patent Rule 3-1 . . . requires a party to serve Infringement Contentions on the opposing party not later than ten days before the scheduling conference." *Biscotti Inc. v. Microsoft Corp.*, No. 213CV01015JRGRSP, 2017 WL 2267283, at *3 (E.D. Tex. May 24,

2017). This disclosure "ensure[s] that defendants are given full and timely notice of the allegations against them." *Sycamore IP Holdings LLC v. AT&T Corp.*, No. 2:16-CV-588-WCB, 2017 WL 4517953, at *5 (E.D. Tex. Oct. 10, 2017) (Bryson, J.). In other words, the rules require plaintiffs to crystalize and set forth their affirmative infringement theories. *See, e.g., Core Wireless Licensing, S.A.R.L. v. LG Elecs., Inc.*, No. 2:14-CV-911-JRG-RSP, 2016 WL 3655302, at *1 (E.D. Tex. Mar. 21, 2016) ("Infringement contentions . . . serve the purpose of providing notice to the Defendants of infringement theories beyond the mere language of the patent claim."); *ROY-G-BIV Corp. v. ABB, Ltd.*, No. 6:11-CV-622, 2014 WL 12465424, at *1 (E.D. Tex. Feb. 25, 2014).

### III. Discussion

Apple's central argument is that SLC advances "new infringement theories" because SLC has identified functionality in Codec A and B as infringing, for the purpose of SLC arguing that these re-designed codecs are not non-infringing alternatives, without having identified that functionality, which also exists in the Accused Products, as infringing in its contentions. (Dkt. No. 197 at 6–7.) However, Apple's argument misunderstands what Local Patent Rule 3-1 requires.

As this Court explained in *Chrimar Systems, Inc. v. Adtran, Inc.*, addressing the same issue, there is "no requirement" that plaintiffs preemptively rebut defendant's potential non-infringing alternative in their Infringement Contentions. Case No. 6:15-cv-618-JRG, Dkt. 602 (E.D. Tex. Oct. 31, 2016). *See also AstraZeneca AB v. Apotex Corp.*, 782 F.3d 1324, 1340 (Fed. Cir. 2015) (affirming a district court finding that a certain non-infringing alternative was not "available" because it was covered by a third-party's patents without suggesting that these third-party, unasserted patents should have been disclosed in the plaintiff's infringement contentions).

Apple's attempt to distinguish *Chrimar* is unavailing.  The fact that the functionality identified in Codec A and B is also present in the Accused Products is of no significance.  The proper inquiry is whether SLC's Infringement Contentions properly set forth its affirmative theories of infringement against the Accused Products.  There is no dispute that they do.  To the extent there is overlap between the Accused Products and Codec A and B, SLC remains constrained to its Infringement Contentions, like any other plaintiff, in arguing that and how the Accused Products infringe.  *See Sycamore*, 2017 WL 4517953, at *4 (Bryson, J.) (discussing "the procedures set forth in the Local Rules for amending infringement contentions" and concluding that untimely amendments without leave of the Court are not well taken).

## IV. Conclusion

Accordingly and for the reasons set forth above, Defendant's Motion (Dkt. No. 197) is **DENIED.**

**So ORDERED and SIGNED this 24th day of October, 2017.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE